UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DWIGHT EDWARDS,

                Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL CETTA (Shield 13925, 103rd Precinct),
POLICE OFFICER JOHN DOE # 1 (103rd Precinct),
POLICE OFFICER JOHN DOE # 2 (103rd Precinct), and
POLICE OFFICERS, SUPERVISORS AND AIDES
JOHN and JANE DOES 3-10 (103rd Precinct),

                Defendants.
------------------------------------------------------------------X

13 CV 2501

**COMPLAINT**

**JURY TRIAL DEMANDED**

POHORELSKY, M.J.

Plaintiff, by his attorney, Joel Berger, Esq., for his complaint alleges, upon information and belief, as follows:

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York, including the use of grossly unnecessary and unjustified force against plaintiff by employees of the City of New York, causing serious physical and emotional injuries, and a deliberate cover-up of that grossly unnecessary and unjustified use of force.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1332 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

## *PENDENT JURISDICTION*

5.  This Court also has jurisdiction over plaintiffs' state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

6.  On March 20, 2013, within ninety days after the claims alleged in this complaint arose, a verified Notice of Claim was duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e.

7.  At least thirty days have elapsed since the service of the Notices of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

8.  This action is being commenced within one year and ninety days after the happening of the events upon which the claims are based.

## *DIVERSITY JURISDICTION*

9.  This Court also has jurisdiction over plaintiff's claims pursuant to its diversity jurisdiction under 28 U.S.C. § 1332 (a) and (c) (1), in that plaintiff is a citizen of the State of Florida, defendants are all citizens of the State of New York, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## *JURY DEMAND*

10. Plaintiff demands trial by jury in this action.

## *PARTIES*

11. Plaintiff Dwight Edwards, a Florida citizen, is a decorated 35 year-old Marine Veteran who fought for his country in Operation Enduring Freedom in Afghanistan in 2002, in the wake of 9/11. He also served at the Guantanamo prison facility. He has no criminal record of any kind. He was honorably discharged from the Marine Corps at the rank of Corporal in 2002 after

serving for 4 years, and additionally served in the Reserves from 2003-06. He has been diagnosed by the Veterans Administration as suffering from Post-Traumatic Stress Disorder (PTSD) resulting from his combat experiences

12. Defendant City of New York is a municipal corporation organized under the laws of the State of New York.

13. Defendant City of New York operates the New York City Police Department (NYPD), a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers.

14. At all times relevant herein, defendants Michael Ceta (Shield 13925), John Doe # 1 and John Doe # 2 were police officers employed by the NYPD and assigned to the 103rd Precinct, in Jamaica, New York.

15. At all times relevant herein, defendants John and Jane Does 3-10 were police officers, supervisors and aides, employees of the NYPD assigned to the 103rd Precinct, who observed the incident alleged herein but took no action to stop it or to report it to the appropriate authorities.

16. At all times relevant herein, all individual defendants were acting as agents, servants and employees of defendant City of New York and the NYPD.

17. At all times relevant herein, all defendants were acting under color of state law.

### *FACTS*

18. On January 2, 2013, plaintiff entered the 103rd Precinct unscathed merely to pick up the valuables of a friend who had been arrested. He left with a facial fracture, a broken blood vessel and damage to his eyesight. He was not arrested. He was not charged with anything. He

3

serving for 4 years, and additionally served in the Reserves from 2003-06. He has been diagnosed by the Veterans Administration as suffering from Post-Traumatic Stress Disorder (PTSD) resulting from his combat experiences

12. Defendant City of New York is a municipal corporation organized under the laws of the State of New York.

13. Defendant City of New York operates the New York City Police Department (NYPD), a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers.

14. At all times relevant herein, defendants Michael Ceta (Shield 13925), John Doe # 1 and John Doe # 2 were police officers employed by the NYPD and assigned to the 103rd Precinct, in Jamaica, New York.

15. At all times relevant herein, defendants John and Jane Does 4-10 were police officers, supervisors and aides, employees of the NYPD assigned to the 103rd Precinct, who observed the incident alleged herein but took no action to stop it or to report it to the appropriate authorities.

16. At all times relevant herein, all individual defendants were acting as agents, servants and employees of defendant City of New York and the NYPD.

17. At all times relevant herein, all defendants were acting under color of state law.

## *FACTS*

18. On January 2, 2013, plaintiff entered the 103rd Precinct unscathed merely to pick up the valuables of a friend who had been arrested. He left with a facial fracture, a broken blood vessel and damage to his eyesight. He was not arrested. He was not charged with anything. He

3

was kicked in the face and beaten, and then told to "get the fuck out of here and don't come back," or words to that effect. Both the Queens District Attorney's office and NYPD's Internal Affairs Bureau (IAB) are investigating the incident. Edwards has identified at least one of the assailants from an IAB photo array.

19. Plaintiff was visiting friends and relatives in Queens over the Holidays. He was with his girlfriend, Alicia Branford, and another friend named Shem Theodore. They were in a car parked in the vicinity of the 103rd Police Precinct in Jamaica, Queens.

20. At approximately 2:45 - 2:50 P.M. on that date at that location, Theodore got out of the car and chose to relieve himself in public. Theodore was spotted by a police officer of the 103rd Precinct, Michael Cetta (Shield 13925), who was exiting a nearby police supply store. Cetta also called for help from a colleague, PO John Doe # 1, who came out of the precinct to join him. When Mr. Theodore failed to provide proper identification he was taken into custody and brought to the 103rd Precinct.

21. Cetta told Edwards that he could come to the Precinct to pick up Theodore's valuables. John Doe # 1 also told Edwards that he could come to the Precinct to pick up Theodore's valuables.

22. At the 103rd Precinct Edwards asked the officer closest to the desk, PO John Doe # 2, to direct him to a supervisor in charge so that he could pick up Theodore's valuables. The officer responded angrily, saying "there's no one fucking in charge," or words to that effect. When Edwards politely explained that he'd been told that he could pick up Theodore's valuables, the officer ordered him to leave the precinct, yelling "get the fuck out of my precinct," or words to that effect.

4

23. As plaintiff attempted to leave the Precinct he muttered to himself "there's no law here." The officer who had cursed at him, John Doe # 2, shouted "what did you say?" He then grabbed Edwards's torso from behind, tackling him and forcing him to the ground, and began punching him below his ribs repeatedly.

24. John Doe # 1 -- the officer who had been together with Cetta for Theodore's arrest -- joined in at this point, saying "who the fuck do you think you are?" or words to that effect. John Doe # 1 proceeded to kick Edwards in the face three times.

25. Plaintiff was shocked and in severe pain. He did not fight back, but rather attempted to get away from his assailants.

26. Plaintiff is African-American. Both of the assailants are Caucasian.

27. Plaintiff managed to get out of the Precinct. Both assailants followed him out of the precinct, yelling "get the fuck out of here" and "don't come back," or words to that effect.

28. Numerous police officers including Cetta and several Police Administrative Aides saw and/or heard the incident and were in a crowd of NYPD employees along with John Does 1 & 2 outside the 103rd Precinct as Edwards was chased away.

29. No NYPD employee has come forward to report the incident even though many, including Cetta, witnessed it in full or in part. There has been a complete cover-up at the 103rd Precinct.

30. Plaintiff Dwight Edwards was not arrested. He was not accused of assaulting an officer or any other offense. He was beaten severely and chased out of the precinct.

31. No officer of the 103rd Precinct has reported being injured in the incident or in any

contemporaneous incident.

32. Plaintiff proceeded from the 103rd Precinct to the Veterans Hospital in at 800 Poly Place in Bay Ridge, Brooklyn.

33. The records of the Brooklyn VA Hospital reflect that plaintiff was treated for a facial fracture underneath his right eye and a broken facial blood vessel on January 2, 2013, and was in the Hospital from 14:38 until at least 20:14 on that date.

34. The records of the Brooklyn VA Hospital also reflect plaintiff's statement that he was kicked in the right eye by a police officer.

35. Plaintiff promptly notified both the NYPD Internal Affairs Bureau and the Queens County District Attorney's Office of the incident. ADA James Liander and NYPD IAB Group 54 Lieutenant John Breheny are in charge of the investigation.

36. Plaintiff returned to New York City and met with two officers from IAB Group 54, Detective Mark E. Dennis (Shield 5555) and Sgt. Jose Mendez (Shield 2789) on March 19, 2013. The interview lasted approximately 1¼ hours.

37. At the conclusion of the interview he was asked to attempt to identify his assailants from photo arrays. Plaintiff has since been advised that at least one of the identifications he made is accurate.

38. In addition to causing plaintiff to suffer substantial physical pain in his right eye and on the right side of his face, the incident caused a recurrence of plaintiff's PTSD and he was hospitalized at the Florida Central Behavioral Hospital for approximately three weeks following his return to Florida. He is still in treatment for PTSD.

39. Plaintiff's vision in his right eye remains impaired to this day.

### FIRST CLAIM FOR RELIEF

40. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-39.

41. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

### SECOND CLAIM FOR RELIEF

42. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-39 and 41.

43. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline its employees.

44. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline its employees constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

45. The official policies, practices and customs of the City of New York and the NYPD alleged in ¶¶ 1-39, 41 and 43-44 violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

### THIRD CLAIM FOR RELIEF

46. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-39, 41, and 43-45.

47. The conduct toward plaintiff alleged herein constituted the grossly unjustified and unnecessary use of force, assault and battery and employee negligence.

48. The conduct toward plaintiff alleged herein subjected him to trauma, shock, debasement, fright, fear, humiliation, embarrassment, harassment, and physical, psychological and emotional injury, trauma, pain, and suffering.

### *FOURTH CLAIM FOR RELIEF*

49. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-39, 41, 43-45, and 47-48.

50. At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

### *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against all individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

8

Dated:  New York, New York
        April 25, 2013

_____
JOEL BERGER
360 Lexington Avenue, 16th Fl.
New York, New York 10017
(212) 687-1425

**ATTORNEY FOR PLAINTIFF**

9