UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DWIGHT EDWARDS,

                                                         Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL DeSETTO (Shield 5534, 103rd Precinct),
POLICE OFFICER MICHAEL CETTA (Shield 13925,
103rd Precinct), and POLICE OFFICERS, SUPERVISORS
AND AIDES JOHN and JANE DOES 3-10 (103rd
Precinct),

                                                         Defendants

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, AND POLICE OFFICERS MICHAEL CETTA AND MICHAEL DESETTO**

13-CV-2501 (ILG)(VVP)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

       Defendants City of New York ("City") and Police Officers Michael Cetta ("Cetta') and Michael DeSetto ("DeSetto) by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the first amended complaint, respectfully allege, upon information and belief, as follows:

       1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that a document purporting to be a notice of claim was received by the New York City Comptroller's Office on or about March 20, 2013.

7. Deny the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff purports to invoke the diversity jurisdiction of the Court as stated therein.

10. The allegations set forth in paragraph "10" of the complaint do not contain averments of fact, and as such no response is required.

11. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Admit the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint, except respectfully refer the Court to the New York City Charter for an accurate recitation of the relationship between defendant City and the New York City Police Department.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that defendants Cetta and DeSetto are employed as Police Officers by the City of New York.

15. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint, except state that allegations concerning color of law constitute legal conclusions to which no response is required.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that non-party Shem Theodore was arrested for urinating in public and false personation.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff was informed that he could come into the precinct to retrieve any valuables for Mr. Theodore.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint, except respectfully refer the Court to plaintiff's medical records for an accurate recitation of their contents.

34. Deny the allegations set forth in paragraph "34" of the complaint, except respectfully refer the Court to plaintiff's medical records for an accurate recitation of their contents.

35. Deny the allegations set forth in paragraph "35" of the complaint, except admit that a complaint was made by plaintiff and/or on his behalf.

36. Deny the allegations set forth in paragraph "36" of the complaint, except state that plaintiff was interviewed by the New York City Police Department Internal Affairs Bureau.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "39" inclusive of this answer, as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "41" inclusive of this answer, as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "45" inclusive of this answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "48" inclusive of this answer, as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the complaint, except state that allegations concerning scope of employment constitute legal conclusions to which no response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

51. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

52. At all times relevant to the acts alleged in the complaint, the duties and functions of defendants' officials are entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

53. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

54. Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

55. Plaintiff's state law claims may be barred for plaintiff's failure to comply with General Municipal Law §50-e and (i).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

56. Defendants Cetta and DeSetto have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

57. Defendants Cetta and DeSetto are entitled to qualified immunity.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

58. At all times relevant to the incident, defendant City and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

**WHEREFORE**, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         August 9, 2013

>                         MICHAEL A. CARDOZO
>                         Corporation Counsel of the
>                         City of New York
>                         *Attorneys for Defendants*
>                         100 Church Street
>                         New York, New York 10007
>                         (212) 788-1041
>
>                         By:   /s/
>                               Ryan G. Shaffer
>                               Assistant Corporation Counsel

TO:   Joel Berger, Esq. (By ECF)
      *Attorney for Plaintiff*

Index No. 13-CV-2501 (ILG)(VVP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DWIGHT EDWARDS,

                                            Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.,

                                            Defendants

**ANSWER ON BEHALF OF DEFENDANTS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Ryan G. Shaffer*
*Tel: (212) 356-2386*
*NYCLIS No. 2013-015863*

*Due and timely service is hereby admitted.*

*New York, N.Y............................................., 2013*

*.......................................................................... Esq.*

*Attorney for ................................................................*