UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
DWIGHT EDWARDS,

                Plaintiff,

    - against -

CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**

13-CV-2501 (ILG) (VVP)

GLASSER, Senior United States District Judge:

    Plaintiff Dwight Edwards brought this case against the City of New York and several of its police officers, alleging violations of his rights as a result of an alleged attack by two officers at the 103rd Precinct in Jamaica, Queens. On April 21, 2014, this Court so-ordered a stipulation dismissing the action with prejudice, signed by counsel to the parties. Dkt. No. 33. On May 19, 2015, plaintiff, proceeding pro se, wrote to the Court, asking it to "review the case and open a new action" regarding plaintiff's allegations, as, at the time he accepted the $100,000.00 settlement underlying the stipulation of dismissal, he was "homeless[,] living on the streets[,] and staying in hotels and half way [sic] houses." Dkt. No. 34 ( hereinafter "Pl.'s Ltr."). The Court construed this letter as an application, pursuant to Federal Rule of Civil Procedure 60(b), to set aside the judgment in this case, and directed defendants to respond, which they did on June 22, 2015, providing a copy of the underlying settlement documents, including a notarized general release signed by plaintiff. See Dkt. Nos. 35 & 38.

    Rule 60(b) permits courts to relieve parties from a final judgment for a variety of specific reasons, none of which are applicable here, as well as for "any other reason that justifies relief." See Fed. R. Civ. P. 60(b)(6). That catchall provision of the rule,

1

however, may provide grounds for relief only "where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship." See Matarese v. LeFevre, 801 F.2d 98, 106 (2d Cir. 1986).

Although plaintiff now claims he was "going through a difficult time" when he settled his case for $100,000.00, the release he signed specifically states that he read it and fully understood that he was releasing the City and "all past and present officials, employees, representatives, and agents of the City of New York from any and all liability, claims, or rights of action alleging a violation of [his] civil rights . . . from the beginning of the world to the date of this General Release" in consideration for the $100,000.00 settlement. See Pl.'s Ltr. at 1; Dkt. No. 38-1 at 6. While that amount is now unsatisfactory to him in light of the attorney's fees he owed and a loan he apparently took out in anticipation of a favorable outcome, "Rule 60 does 'not allow district courts to indulge a party's discontent over the effects of its bargain,' such as where the party has made a 'deliberate, strategic choice to settle.'" United Airlines, Inc. v. Brian, 588 F.3d 158, 176 (2d Cir. 2009) (quoting Andrulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1994)). Plaintiff has not identified any extraordinary circumstances or extreme and undue hardship that would warrant reopening this case, and his motion is DENIED.

SO ORDERED.

Dated:    Brooklyn, New York
          July 30, 2015

I. Leo Glasser
Senior United States District Judge

Copy mailed to:
Dwight Anthony Edwards
P.O. Box 422022
Kissimmee, FL 34742